UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ryan et al,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>County of Imperial et al,<br><br>　　　　　　　　　　Defendants. | Case No.: 21cv1076-JO-KSC<br><br>**ORDER GRANTING WATER DISTRICT DEFENDANTS' MOTION TO SET ASIDE DEFAULT** |

　　　　Plaintiffs Gilda and Joseph Ryan filed a civil rights action under 42 U.S.C. § 1983 against Palo Verde County Water District ("Water District") and the following individuals associated with the Water District: Ronald Woods, Jess Preston, Jan Ayala, David Khoury, Kathi Frice-Sanders, Barbara Hopton, Donna Lord, Celeste Preston, and David Ayala (collectively, "Water District Defendants"), in addition to numerous other defendants. Water District Defendants filed a motion to set aside default. Dkt. 115. For the reasons discussed below, the motion is GRANTED.

## I. DISCUSSION

On September 14, 2021, Plaintiffs filed their operative First Amended Complaint seeking to recover compensatory and punitive damages against Water District Defendants. Dkt. 9 (FAC). Plaintiffs served Water District Defendants with the FAC on October 13, 2021. On November 12, 2021, Plaintiffs requested entries of default against Water District Defendants for failure to answer, plead, or otherwise defend against the FAC. Dkts. 68–70. The Clerk filed entries of default as to Water District Defendants. Dkts. 71, 86.

The court has broad discretion to set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c); *O'Conner v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994). The court examines three factors when determining whether such good cause exists: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). The defaulting party bears the burden of showing the default should be set aside. *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). In making this determination, however, the court must keep in mind that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1091 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

After examining the three factors set forth above, the Court finds that Water District Defendants have established that good cause exists to set aside the entries of default. First, the Court finds no evidence of bad faith or culpable conduct in Water District Defendants' failure to timely respond to the FAC. Orlando Foote, counsel for Water District Defendants, explained that he was aware that Plaintiffs filed a complaint but inadvertently failed to respond. He attributes his oversight to his confusion regarding the operative complaint, various medical emergencies, and the substantial restructuring of his law firm. *See generally* Dkt. 115-1 (Declaration of Orlando B. Foote in support of Motion to Set

Aside Defaults). The Court concludes that Water District Defendants have established that the failure to respond was solely the mistake of counsel and not the bad faith or culpable conduct of Water District Defendants. *TCI Group Line Ins. Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001) (explaining that culpable conduct requires *intentional* failure to respond), *overruled on other grounds by Egelhoff v. Egelhoff ex. rel. Breiner*, 532 U.S. 141 (2001). Second, based on its review of the motions to dismiss filed by the other defendants in this case, the Court finds that Water District Defendants have meritorious defenses.[1] *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (holding default judgments are generally disfavored because "cases should be decided on their merits whenever reasonably possible"). In fact, in its "Order Granting Motions to Dismiss," the Court finds that Plaintiffs' claims against these Water District Defendants are barred by the statute of limitations. Finally, the Court finds no prejudice to Plaintiffs in setting aside entry of default. The case was still in its early stages when Water District Defendants inadvertently failed to respond and it does not appear that Plaintiffs relied on this default to their detriment.

Accordingly, Water District Defendants' motion to set aside entry of default [Dkt. 115] is GRANTED.

**IT IS SO ORDERED.**

Dated: September 29, 2022

_____
Honorable Jinsook Ohta
United States District Judge

---

[1] The Court has issued a separate order granting the motions to dismiss brought by the other defendants.