UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ryan et al., <br><br> Plaintiffs, <br><br> v. <br><br> County of Imperial et al., <br><br> Defendants. | Case No.: 21cv1076-JO-LR <br><br> **ORDER DENYING PLAINTIFFS' MOTIONS FOR SANCTIONS** |

Plaintiffs Joseph and Gilda Ryan filed three motions for sanctions against Defendants Imperial County and its officials; Patsy Calvert, Thomas Calvert, and Annie Mackie; Yuma Sun Incorporated, Uriel Avendano, and Lisa Reilly; and their respective counsel in this action. Dkts. 128, 131, 139. Plaintiffs request that the Court exercise its inherent powers to sanction Defendants and counsel for their alleged litigation misconduct such as intentionally misstating the law, making false factual allegations, and deceiving the Court.

Federal courts have certain "inherent powers" not conferred by rule or statute, "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."

*Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017). This authority includes the ability, among other things, to dismiss a case in its entirety, bar witnesses, award attorneys' fees, or assess fines. *America Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

      Here, the Court finds no grounds to exercise its authority, inherent or otherwise, to order sanctions against Defendants. Upon review of their motions and related filings, the Court does not find any instances where Defendants deceived the Court either by misstating the law or facts or engaging in any other litigation misconduct meriting sanctions. Accordingly, the Court DENIES the motions [Dkts. 128, 131, 139].

      **IT IS SO ORDERED**.

Dated:  December 7, 2022

_____
Honorable Jinsook Ohta
United States District Judge