UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ryan et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>County of Imperial et al.,<br><br>                              Defendants. | Case No.:  21cv1076-JO-LR<br><br>**ORDER DENYING PLAINTIFF JOSEPH RYAN'S MOTION FOR RECUSAL** |

Plaintiff Joseph Ryan filed a motion for Judge Ohta's recusal pursuant to 28 U.S.C. § 455 and the Due Process clause of the Constitution.  Dkt. 140 ("Mot.").  Plaintiff bases the recusal motion on the "content of the orders issued by Judge Ohta on September 29, 2022." *Id.* at 13.  He "does not allege that the honorable Judge has engaged in any misconduct that might defile the Court's processes or interfere with its due administration of matters." *Id.*  Instead, Plaintiff alleges only that a reasonable observer would conclude from the Court's orders dismissing Plaintiffs' complaint that the undersigned is conspiring with Defendants against Plaintiffs.

The Supreme Court has recognized that due process confers the right to an impartial and disinterested judge. *See Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980). A judge should recuse herself when "the probability of actual bias is too high to be constitutionally tolerable." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). 28 U.S.C. § 455 further instructs that a federal judge must recuse herself from any proceeding in which her "impartiality might reasonably be questioned" or if she has a personal bias or prejudice concerning a party. 28 U.S.C. § 455(a). The provisions of 28 U.S.C. § 455 "require recusal only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (quoting *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988)).

Aside from his disagreement with the Court's orders, Plaintiff has not identified any grounds for a reasonable person to question the undersigned's bias, personal prejudice, or partiality. Instead, Plaintiff's arguments for recusal hinge solely on the Court's adverse rulings; from these, he argues, "[a]n objective observer would have to conclude that—on the face—the record made by Judge Jinsook Ohta in the three [orders] issued on September 29, 2022, is so replete with outright misrepresentations of Plaintiff's facts, and facts presented grossly without candor by the Judge, that any objective observer might conclude that it is the product of a wholly dishonest, sneaky Judge acting for corrupt reasons." Mot. at 22. This logic is not sufficient to demonstrate that this judge has a bias or prejudice stemming from an extrajudicial source. Because Plaintiff does not point to any facts that would lead one to reasonably question the undersigned's impartiality, his motion for recusal pursuant to 28 U.S.C. § 455 and the due process clause is DENIED.

**IT IS SO ORDERED**.

Dated:  December 7, 2022

_____
Honorable Jinsook Ohta
United States District Judge