UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILDA RYAN, et al., | Case No.:  21cv1076-JO(LR) |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' RECUSAL MOTION [ECF No. 144]** |
| v. | |
| COUNTY OF IMPERIAL, et al., | |
| Defendants. | |

Presently before the Court is Plaintiffs Gilda and Joseph Ryan's Recusal Motion, which argues that under 28 U.S.C. § 455(a), the undersigned magistrate judge should recuse himself from this case.  (ECF No. 144 or "Recusal Mot.")  For the reasons set forth below, Plaintiffs' Motion is **DENIED**.

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are residents of Imperial County, proceeding *pro se*, whose claims arise from the events that unfolded at a Palo Verde Water District board meeting on May 17, 2018, and a subsequent Imperial County Board of Supervisors meeting on June 4, 2019.[1]

---

[1] The factual background and procedural posture of this case are well-known to the parties such that the Court need not describe them at length.  More detail can be found in Judge Ohta's order on Defendants' motions to dismiss Plaintiffs' amended complaint.  See (ECF No. 134.)

Plaintiffs filed an amended complaint on September 14, 2021, alleging eighty-one "counts" under 42 U.S.C. § 1983 against over forty defendants for numerous constitutional violations under the First, Fourth, and Fourteenth Amendments.  (See ECF No. 9 at 24-28.)

The instant Recusal Motion was filed after Judge Ohta issued an order granting the Imperial County defendants, the private citizen defendants, and the media defendants' respective motions to dismiss.  (See ECF No. 134.)  The case was transferred to this Court's docket on October 6, 2022, and Plaintiffs have since filed separate motions requesting that Judge Ohta and the undersigned recuse themselves from this action.  (See ECF Nos. 140; 144.)  Plaintiffs' arguments that the undersigned should recuse himself from this matter are based on two events: (i) introductory remarks made by the undersigned at an October 11, 2022, Imperial County Board of Supervisors meeting ("Board Meeting") in the presence of several county officials who are named defendants in this action, which Plaintiffs contend demonstrate this Court's bias against them as litigants (see Recusal Mot. at 11.);[2] and (ii) the disappearance of Plaintiffs' reply documents related to another motion, which Plaintiffs aver occurred at the same time that records of the Board meeting vanished from the county's website—demonstrating a conspiracy between court employees and the defendants in this action to cover up the County defendants' misconduct.  (See Recusal Mot. at 11-12.)  The motion was taken under submission on the papers without oral argument on November 30, 2022.

## II.    LEGAL STANDARD

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or where he "he has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(a)–(b)(1); see generally Liteky v. United States, 510 U.S. 540 (1994) (discussing 28 U.S.C. § 144).  Under the two recusal statutes, 28 U.S.C. §§ 144

---

[2] Unless otherwise noted, the Court cites to CM/ECF generated pagination.

and 455, the substantive question is "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. McTiernan, 695 F.3d 882, 891 (9th Cir. 2012) (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) (*per curiam*)).  A "reasonable person" is defined as a "well-informed, thoughtful observer," as opposed to a "hypersensitive or unduly suspicious person."  Clemons v. U.S. Dist. Ct. for the Cent. Dist. of Cal., 428 F.3d 1175, 1178 (9th Cir. 2005) (internal quotations and citation omitted).  "Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar nonfactual matters" are not enough to require recusal.  Id. (citing Nicholas v. Alley, 71 F.3d 347, 351 (10th Cir. 1993)).

Section 455(a) is also "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial."  United States v. Holland, 519 F.3d 909, 913-14 (9th Cir. 2008).  An extrajudicial source, however, is neither necessary nor sufficient to establish bias, Liteky 510 U.S. at 544, and "in the absence of a legitimate reason to recuse himself, a judge should participate in the cases assigned."  United States v. Holland, 519 F.3d 909, 912 (9th Cir. 2008) (quotations omitted).  Courts are similarly cautioned to "take special care in reviewing recusal claims so as to prevent parties from abus[ing] § 455 for a dilatory and litigious purpose based on little or no substantiated basis."  In re Golden, Case Nos. 19-cv-2178 DMS (NLS), 2020 WL 4260771, at *2 (S.D. Cal. July 24, 2020) (quoting Sensley v. Albritton, 385 F.3d 591, 598 (5th Cir. 2004)) (internal quotations omitted).

## III.   DISCUSSION

Plaintiffs argue that the undersigned should recuse himself from this case under § 455(a).  (See Recusal Mot. at 16.)  Although Plaintiffs' assertions are wide-ranging and

suggest the involvement of many individuals,[3] the Recusal Motion appears to have been precipitated by the undersigned's introductory comments about the importance of the relationship between the federal court and the local community at the October 11, 2022 Board Meeting—made approximately two weeks after the undersigned was sworn in as a magistrate judge and attended by several named defendants in this case.  (See id. at 10 (noting that the Motion is "based upon" the undersigned's remarks at the Board Meeting).)

Apart from quoting the undersigned's remarks at the Board Meeting, and rather than advancing a colorable argument about how the Court is in fact or could even be perceived as biased against Plaintiffs, the Recusal Motion then attempts to weave together statements and disparate facts to characterize the undersigned as an impartial actor, "pitting his friends . . . against the politically unconnected, geographically isolated Plaintiffs who have no access to media in Imperial County . . ."  (Id.)  These conclusory statements amount to little more than rumormongering against the Court and fail to meet the objective observer standard for disqualification.  See Carr v. Grand Canyon University, Inc., No. CV-19-05214-PHX-MTL, 2019 WL 5718032, at *4 (D. Ariz. Nov. 5, 2019) (introductory meeting between judge and a party with a perceived interest in the litigation insufficient to disqualify).  Absent brief introductory remarks and a photograph with the County Board of Supervisors taken at the Board Meeting, the undersigned has had no contact with any named defendants or entities in this action for any purpose—let alone about this case—and such communications are insufficient to warrant recusal.  See, e.g., In re Golden, 2020 WL 4260771, at *5-6 (communications that did not involve the merits of the pending case did not warrant recusal); see also Moran v. Clarke, 247 F.3d 799, 806 (8th Cir. 2001) ("[t]he district judge's appearances at the same social events as

---

[3] Plaintiffs' Recusal Motion, ostensibly one that argues for the undersigned to recuse from this matter, is also rife with contentions about Judge Ohta's alleged misconduct.  Because Plaintiffs have elected to file a separate motion arguing that Judge Ohta should recuse from the case, (see ECF No. 140), the Court will endeavor to address only the parts of the Motion that address the undersigned's conduct.

Clarke and Smith books little mention. Judges, attorneys, and public officials will often share public appearances. This does little to create the appearance of impropriety."), <u>reh'g granted</u>, <u>vacated on other grounds</u>, 258 F.3d 904 (8th Cir. 2001).  Although the undersigned takes allegations of favoritism or the appearance of impropriety very seriously, baseless and conclusory statements that the Court is biased against Plaintiffs will not be countenanced.  The undersigned accordingly declines to recuse from this matter.

**IV.   CONCLUSION**

The Recusal Motion (ECF No. 144) is **DENIED.**

**IT IS SO ORDERED.**

Dated:  December 7, 2022

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge